UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TROY R. GRIFFIN,

                                Petitioner,                Case # 15-CV-6341-FPG

v.                                                                            ORDER

MICHALLE ARTUS,

                                Respondent.
_____

*Pro se* Petitioner Troy R. Griffin brought this habeas petition under 28 U.S.C. § 2254, challenging his state convictions. In June 2015, this Court stayed the petition while Petitioner pursued his unexhausted claims. ECF No. 2. Petitioner has since been providing periodic status reports about his efforts to exhaust his claims in state court. There are two matters that the Court must address.

First, in a few of his status reports, Petitioner requests that the Court send him copies of "all documents pertaining to both [his] Supreme Court[] and Appellate Court case[s]." ECF No. 13 at 2; *see also* ECF Nos. 14, 15. Apparently, all of Petitioner's legal documents related to this petition and his underlying convictions were lost when Petitioner was transferred to a different facility. ECF No. 7 at 2. Petitioner appears to be under the impression that this Court has copies of all of his state-court records. *See* ECF No. 15 at 2. This is incorrect. The only state-court documents the Court has are those that Petitioner sent to the Court. As for the documents the Court does have, the Court denies Petitioner's request for free copies. This is because (1) Petitioner has not demonstrated he cannot afford to pay for copies,[1] and (2) even if he could, an indigent litigant is not "automatically entitled to free copies of documents or rulings." *Grefer v. Grant*, No. 19-CV-6261, 2020 WL 2833015, at *2 (W.D.N.Y. June 1, 2020).

---

[1] The Clerk's Office charges $.10 per page for copies of electronically filed documents.

Therefore, the Court declines to provide Petitioner with free copies of the documents he has filed in this case. If Petitioner wishes to obtain copies of the documents, he can fill out the required form and make the necessary payments to the Clerk of Court. Alternatively, if Petitioner cannot afford to obtain copies, he can make a formal request to the Court for free copies—but Petitioner will need to (1) demonstrate his inability to pay and (2) explain why he needs the copies he is requesting. The Court will then take Petitioner's request under advisement.

Second, the Court notes that this proceeding has been stayed for over five years. Previously, the Court ordered Petitioner to "return to this Court within 30 days of the completion of the effort to exhaust." ECF No. 2 at 2. Although Petitioner has been providing status reports, it is unclear whether Petitioner is still litigating any of his unexhausted claims in state court. Accordingly, by **September 4, 2020**, Petitioner shall inform the Court of the following:

1. What, if any, claims or motions he has litigated over the last five years; and

2. The status of those claims or motions (whether they are pending, completed, on appeal, etc.);

To the extent possible, Petitioner should provide copies of any relevant motions or rulings on the claims or motions he has been pursuing during the last five years.

The Clerk of Court shall send to Petitioner (1) a photocopy request form, (2) a copy of the docket in his case, (3) an *in forma pauperis* application form; and (4) a copy of this Order and the NEF.

IT IS SO ORDERED.

Dated:  August 3, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

2